IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LUIS ORTIZ,** | : | CIVIL ACTION NO. 1:21-CV-3 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PRIMECARE MEDICAL, INC.,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Jose Luis Ortiz, a former inmate in the Lebanon County Prison, alleges that defendant PrimeCare Medical, Inc. ("PrimeCare") violated his civil rights while he was incarcerated in the prison by causing him to be exposed to COVID-19. PrimeCare has moved to dismiss the complaint. The motion will be granted.

**I.      Factual Background & Procedural History**

Ortiz initiated this case through the filing of a complaint on January 5, 2021. (Doc. 1). In the complaint, Ortiz alleges that PrimeCare is not taking sufficient steps to protect him from COVID-19 because PrimeCare is housing inmates who have tested positive for COVID-19 in the same housing units as those who have tested negative for the virus. (Id. at 2-3). Ortiz alleges that this practice led him to test positive for COVID-19, which led to "health problems." (Id. at 3). He seeks monetary damages and release from prison. (Id.)

PrimeCare moved to dismiss the complaint on May 18, 2021 and filed a brief in support of the motion on the same day. PrimeCare argues that the complaint

should be dismissed because Ortiz fails to allege that the company had a policy or custom that caused the alleged violation of Ortiz's constitutional rights. Ortiz filed a brief in opposition to the motion on August 5, 2021. Ortiz argues that the motion should be denied because he alleges that he was housed in the same unit as inmates who had tested positive for COVID-19 and that employees in the prison were not taking adequate steps to clean surfaces in the unit to prevent the spread of the virus. PrimeCare has not filed a reply brief in support of the motion and the deadline for doing so has expired, making the motion ripe for the court's disposition.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31

(3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Ortiz brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a

deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

PrimeCare's motion to dismiss argues that dismissal is appropriate because the complaint does not allege that PrimeCare had a policy or custom that caused Ortiz's alleged harm. (Doc. 23).

We agree. To state a civil rights claim upon which relief may be granted against a private corporation providing medical services through a contract with a prison, prisoner plaintiffs must allege that the corporation had a "policy or custom that resulted in the alleged constitutional violations at issue." Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)). Ortiz does not allege the existence of any such policy or custom, and we will accordingly dismiss his complaint. See id.; see also Middleton v. Litz, No. 1:21-CV-71, 2021 WL 4290175, at *2 (M.D. Pa. Sept. 21, 2021) (dismissing claim by Lebanon County Prison inmate that PrimeCare caused inmate exposure to COVID-19 for plaintiff's failure to allege that PrimeCare had a relevant policy or custom that caused the plaintiff's alleged harm).

We will, however, grant Ortiz leave to amend his complaint. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend is appropriate here because Ortiz's claims are factually, rather than legally, deficient.

**IV.     Conclusion**

We will grant PrimeCare's motion to dismiss, dismiss Ortiz's complaint without prejudice, and grant Ortiz leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    November 16, 2021